___ FILED   ✓ LODGED
___ RECEIVED   ___ COPY

JUL 1 2 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✗ FILED   ___ LODGED
___ RECEIVED   ___ COPY

SEP 2 0 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___mm____ DEPUTY

1  ELIZABETH A. STRANGE
   Acting United States Attorney
2  District of Arizona
   MARGARET PERLMETER
3  Assistant U.S. Attorney
   Arizona State Bar No. 024805
4  Two Renaissance Square
   40 N. Central Ave., Suite 1200
5  Phoenix, Arizona 85004
   Telephone: 602-514-7500
6  Email: Margaret.Perlmeter@usdoj.gov

7         IN THE UNITED STATES DISTRICT COURT

8            FOR THE DISTRICT OF ARIZONA

9
10  United States of America,

             Plaintiff,
11
          v.
12
   Jose Martinez,
13  a.k.a.: Jose Luis Martinez Garcia,
   a.k.a.: Lauro Jose Barona-Calveti,
14  a.k.a.: Ivan Morales Diaz,

15            Defendant.

**No.**   CR-17-0935-PHX-JAT

**Mag. No. 17-00072**

**PLEA AGREEMENT**

**(Modified Fast Track 5K3.1)**

16       The United States of America and the defendant hereby agree to dispose of this

17  matter on the following terms and conditions:

18                          **PLEA**

19       The defendant will plead guilty to an Information charging a violation of Title 8,

20  United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement

21  under 1326(b)(1) or 1326(b)(2), Reentry of Removed Alien.

22  **1.   MAXIMUM PENALTIES**

23       a.   A violation of 8 U.S.C. § 1326(a), a Class E felony, is punishable by a

24  maximum term of imprisonment of 2 years, a maximum fine of $250,000, or both

25  imprisonment and a fine, and a term of supervised release of up to 1 year. If a sentencing

26  enhancement under 8 U.S.C. § 1326(b)(1), a Class C felony, is applicable, then the

27  maximum term of imprisonment is 10 years. If the sentencing enhancement under 8 U.S.C.

28  § 1326(b)(2), a Class C felony, is applicable, then the maximum term of imprisonment is



20 years.  A Class C felony is punishable by both imprisonment and a maximum fine of $250,000, and a term of supervised release of up to three years.  The maximum term of probation is five years.

      b.     According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

          (1)     Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

          (2)     Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

      c.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment.

**2.    AGREEMENTS REGARDING SENTENCING**

      a.     <u>Stipulation: Acceptance of Responsibility</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will stipulate and agree to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

      b.     <u>Stipulated Sentence Under Early Disposition Program</u>.  Although the parties understand that the Sentencing Guidelines are only advisory, and just one of the factors the Court will consider under 18 U.S.C. § 3553(a), pursuant to Fed. R. Crim. P. 11(c)(1)(C) the United States and the defendant stipulate and agree that the following is an appropriate disposition of this case:

          (1)     The defendant shall receive a four-level downward departure under U.S.S.G. § 5K3.1.   If the defendant receives the departure provided under this

- 2 -

1    subparagraph, the United States and the defendant stipulate and agree that the reductions

2    under U.S.S.G. §§ 3E1.1 and 5K3.1 shall be the only reductions in sentence that the

3    defendant shall receive, and that the defendant shall receive a sentence within the final

4    adjusted Sentencing Guidelines range.  If the defendant requests or if the Court authorizes

5    (a) any adjustments or departures pursuant to the Sentencing Guidelines; (b) any variance

6    under 18 U.S.C. § 3553(a); or (c) any other reduction or adjustment of sentence not

7    specifically agreed to in writing by the parties, the United States may withdraw from the

8    plea agreement.

9            (2)     Notwithstanding the foregoing subparagraph, if the defendant is in

10   criminal history category VI, the defendant shall only receive a two-level departure under

11   U.S.S.G. § 5K3.1, and a stipulation that the defendant's sentence shall not exceed the high

12   end of the final adjusted Sentencing Guideline range.  If the defendant requests, or if the

13   Court authorizes, any adjustments or departures pursuant to the Sentencing Guidelines, the

14   United States may withdraw from this agreement.  However, nothing in this agreement

15   shall preclude the defendant from arguing for, or the Court from granting, a variance under

16   18 U.S.C. § 3553(a) in support of a sentence below the final advisory Sentencing Guideline

17   range.  The United States reserves the right to oppose any variance.

18           (3)     If the defendant does not qualify for an increase to the defendant's

19   base offense level pursuant to U.S.S.G. § 2L1.2(b), then in lieu of the departures listed in

20   subparagraphs (1) and (2) above, the defendant's sentence shall not exceed the greater of

21   time served or the following caps:

22           Three months of imprisonment if defendant's Criminal History Category is I;

23           Four months of imprisonment if defendant's Criminal History Category is II;

24           Five months of imprisonment if defendant's Criminal History Category is III;

25           Six months of imprisonment if the defendant's Criminal History Category is IV;

26           Nine months of imprisonment if defendant's Criminal History Category is V; and

27           Twelve months and one day of imprisonment if the defendant's Criminal History

28           Category is VI.

c.     Supervised Release.  If the defendant is on supervised release, the United States shall have the right to withdraw from this agreement.

**3.     COURT APPROVAL REQUIRED**

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Fed. R. Crim. P. 11(c)(5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

**4.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**5.     REINSTATEMENT OF REMOVAL, DEPORTATION OR EXCLUSION OR STIPULATION TO REMOVAL**

The defendant admits that the defendant was the subject of a previous order of removal, deportation or exclusion.  The defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion.  The defendant admits that he does not have a fear of returning to the country designated in the previous order.  If this plea agreement is accepted by the Court, the defendant agrees not to contest, either directly or

- 4 -

1    by collateral attack, the reinstatement of the prior order of removal, deportation or

2    exclusion.

3    **6.    PERJURY AND OTHER OFFENSES**

4    Nothing in this agreement shall be construed to protect the defendant in any way

5    from prosecution for perjury, false declaration or false statement, obstruction of justice, or

6    any other offense committed by the defendant after the date of this agreement.   Any

7    information, statements, documents, or evidence the defendant provides to the United

8    States pursuant to this agreement, or to the Court, may be used against the defendant in all

9    such prosecutions.

10   **7.    REINSTITUTION OF PROSECUTION**

11   If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

12   court in a later proceeding, the United States will be free to prosecute the defendant for all

13   charges and/or allegations of supervised release violations as to which it has knowledge,

14   and any charges and/or allegations of supervised release violations that have been

15   dismissed or not alleged because of this plea agreement will be automatically reinstated.

16   In such event, the defendant waives any objections, motions, or defenses based upon the

17   Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned

18   by the later proceedings.  Defendant agrees that the stipulated fast-track departures set forth

19   under "Agreements Regarding Sentencing" will not be offered if prosecution is re-

20   instituted.

21   **8.    DISCLOSURE OF INFORMATION**

22   a.    The United States retains the unrestricted right to provide information and

23   make any and all statements it deems appropriate to the Probation Office and to the Court

24   in connection with the case.

25   b.    The defendant shall cooperate fully with the U.S. Probation Office.  Such

26   cooperation shall include providing complete and truthful responses to questions posed by

27   the Probation Office including, but not limited to, questions relating to:

28   (1)    Criminal convictions, history of drug abuse and mental illness; and

- 5 -

1      (2)     Financial information, including present financial assets or liabilities

2    that relate to the ability of the defendant to pay a fine.

3    **9.    EFFECT ON OTHER PROCEEDINGS**

4          This agreement does not preclude the United States from instituting any civil or

5    administrative proceedings as may be appropriate now or in the future.

6                      **DEFENDANT'S APPROVAL AND ACCEPTANCE**

7          I have read the entire plea agreement with the assistance of counsel and understand

8    each of its provisions.

9          I have discussed the case and my constitutional and other rights with my attorney.

10   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty;

11   to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to

12   present evidence in my defense; to remain silent and refuse to be a witness against myself

13   by asserting my privilege against self-incrimination; and to be presumed innocent until

14   proven guilty beyond a reasonable doubt, all with the assistance of counsel.

15         I agree to enter my guilty plea as indicated above on the terms and conditions set

16   forth in this agreement.

17         I have been advised by my attorney of the nature of the charges to which I am

18   entering my guilty plea.  I have further been advised by my attorney of the nature and range

19   of the possible sentence and that my ultimate sentence shall be determined after

20   consideration of the advisory Sentencing Guidelines.  I understand that the Sentencing

21   Guidelines are only advisory and that without this agreement the Court would be free to

22   exercise its discretion to impose any reasonable sentence up to the maximum set by statute

23   for the crimes of conviction.

24         My guilty plea is not the result of force, threats, assurances, or promises other than

25   the promises contained in this agreement.  I agree to the provisions of this agreement as a

26   voluntary act on my part and I agree to be bound according to its provisions.

27         I fully understand that, if I am granted probation or placed on supervised release by

28   the Court, the terms and conditions of such probation/supervised release are subject to

- 6 -

1   modification at any time. I further understand that, if I violate any of the conditions of my
2   probation/supervised release, my probation/supervised release may be revoked and upon
3   such revocation, notwithstanding any other provision of this agreement, I may be required
4   to serve a term of imprisonment or my sentence may otherwise be altered.

5        I agree that this written plea agreement contains all the terms and conditions of my
6   plea.   I further agree that promises, <u>including any predictions as to the Sentencing</u>
7   <u>Guideline range or to any Sentencing Guideline factors that will apply</u>, made by anyone
8   (including my attorney) that are not contained within this written plea agreement are null
9   and void and have no force and effect.

10       I am satisfied that my defense attorney has represented me in a competent manner.

11       I am fully capable of understanding the terms and conditions of this plea agreement.
12  I am not now using or under the influence of any drug, medication, liquor, or other
13  intoxicant or depressant that would impair my ability to fully understand the terms and
14  conditions of this plea agreement.

15  **<u>ELEMENTS</u>**
16  **Reentry of Removed Alien**
17  On or about May 28, 2017, in the District of Arizona:
18      1.    The defendant was an alien;
19      2.    The defendant had been previously denied admission, excluded, deported, or
20  removed from the United States;
21      3.    The defendant knowingly and voluntarily reentered or was present after a
22  voluntary entry and found in the United States in the District of Arizona; and
23      4.    The defendant did not obtain the express consent of the Attorney General or
24  the Secretary of Homeland Security to reapply for admission to the United States prior to
25  returning to the United States.

26  **<u>FACTUAL BASIS</u>**
27       I further admit the following facts are true and if this matter were to proceed to trial
28  the United States could prove the following facts beyond a reasonable doubt:

- 7 -

I am not a citizen or national of the United States. I was removed from the United States through Nogales, Arizona, on April 13, 2011. I was voluntarily present and found in the United States at or near Glendale, Arizona, on May 28, 2017. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

For sentencing purposes, I admit I was convicted of Criminal Impersonation, a felony, on April 5, 2011, in the Superior Court of Arizona, Maricopa County. I was represented by an attorney, and I was sentenced to twelve (12) months' probation.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

7 - 12 - 17
Date

x _____
JOSE MARTINEZ
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the ___2nd___ day of ___June___,2017.

- 8 -

1  
2  Date ___7-12-17___                    JON SANDS  
                                         Attorney for Defendant
3  
4              **UNITED STATES' APPROVAL**
5          I have reviewed this matter and the plea agreement.  I agree on behalf of the United
6  States that the terms and conditions set forth are appropriate and are in the best interests of
7  justice.
8                                         ELIZABETH A. STRANGE
                                         Acting United States Attorney
9                                        District of Arizona
10  
11  Date ___7|12|17___                   MARGARET PERLMETER
12                                       Assistant U.S. Attorney
13  
14              **COURT'S ACCEPTANCE**
15  
16  Date ___20 SEP 17___                 United States District Judge
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  
                                    - 9 -